Marshall Wexler, Of Counsel, SBN #331707
**MOORE KUEHN, PLLC**
1901 Avenue of the Stars, 2nd Floor
Los Angeles, California 90067
Telephone: (310) 461-1337
Email: mwexler@moorekuehn.com

*Counsel for Plaintiff*

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

- - - - - - - - - - - - - - - - - - - - - - - - - - - X
                               :

FRANCISCO LEON,                   :      Civil Action No.
                                 :
                 Plaintiff,    :
                                 :
        - against-          :      **COMPLAINT**
                                 :

JEFFREY W. UBBEN, INCLUSIVE  :
CAPITAL PARTNERS, LLC, INCLUSIVE :
CAPITAL PARTNERS L.P., INCLUSIVE  :
CAPITAL PARTNERS SPRING MASTER :
FUND L.P.,                          :
                                 :
             Defendants,   :      **JURY TRIAL DEMANDED**
                                 :
        -and-              :
                                 :

APPHARVEST, INC.,               :
                                 :
        Nominal Defendant.  :
                                 :
- - - - - - - - - - - - - - - - - - - - - - - - - - -X

     Plaintiff, by his undersigned attorneys, on personal knowledge as to himself and his acts

and on information and belief as to all other matters, based upon an investigation by plaintiff's

counsel, alleges as follows:

## NATURE OF THE ACTION

1.      Plaintiff, as and for his complaint against the defendants (all of whom have admitted to being a "group" for Section 16 purposes) named herein, brings this action under Section 16(b) of the Securities Exchange Act of 1934 (15 U.S.C. § 78p(b)) for the benefit of the nominal defendant herein, AppHarvest, Inc. ("AppHarvest" or the "Company"), to recover short swing profits made by the defendants (all of whom were Section 16(b) beneficial owners with a pecuniary interest in the AppHarvest stock when they bought the stock of AppHarvest at $10.00 per share in the open market and sold 3,000,000 shares at $16.50 per share in the open market within a six-month period, before the stock price collapsed to $8.51 per share on August 11, 2021, approximately two months after defendants' sale of AppHarvest stock.

## JURISDICTION AND VENUE

2.      The claims asserted herein arise under and pursuant to Section 16(b) of the Exchange Act.

3.      This Court has jurisdiction of this litigation pursuant to § 27 of the Exchange Act, as amended 15 U.S.C. § 78aa and 28 U.S.C. §§ 1331 and 1337.

4.      Venue is properly laid in this District pursuant to § 27 of the Exchange Act and 28 U.S.C. § 1391(b) and (c).  Defendants are located in and transact business within this District.

5.      In connection with the acts, conduct, and scheme alleged in this Complaint, defendants, directly and indirectly, used the means and instrumentalities of interstate commerce, including the mails and telephonic communications and the facilities of a national securities exchange.

## THE PARTIES

6.      Plaintiff Francisco Leon was and is a shareholder of AppHarvest.  Plaintiff has, as required by law, made due demand upon the Board of Directors of the Company to recover the short swing profits described herein.  A copy of said demand is attached hereto as Exhibit A.

7.      Nominal Defendant AppHarvest is a corporation organized and existing under the laws of the State of Kentucky.  The Company is the issuer of the securities which were sold by the named defendants.

8.      Defendant Jeffrey W. Ubben was at all times relevant to the matched purchase and sale transactions described herein, an insider subject to Rule 16(b) of the Securities & Exchange Act of 1934 as a result of his position as a director and 10% owner of the common stock of AppHarvest and/or his status as a member of a group, one of whose members is a director by deputization under Rule 16(b).

9.      Defendant Inclusive Capital Partners LLC, Inclusive Capital Partners L.P., and Inclusive Capital Partners Spring Master Fund L.P. were at all times relevant to the matched purchase and sale transactions described herein, insiders subject to Rule 16(b) of the Securities & Exchange Act of 1934 as a result of its beneficial ownership of stock and/or as a member of a group constituting owners of 10% or more of the common stock of AppHarvest and/or its status as a member of a group, one of whose members is a director under Rule 16(b).

## SUBSTANTIVE ALLEGATIONS

### A.      Background

10.      *Defendant Jeffrey Ubben* ("Ubben") was a director of AppHarvest while also being part of a "group" with the other Defendants owning more than 10% of AppHarvest stock at all relevant times, including when the stock was purchased at the time of the sale.  Defendant Ubben is

3

also member of the Nominating and Corporate Governance Committee.  On March 3, 2022,

Ubben notified the Board of his resignation from the Board and all committees thereof effective

immediately.   Defendant Ubben was, and is the Founder and Chairman of Defendant Inclusive

Capital Partners, L.P., a position he has held since July 2020.   All Defendants are related:

Defendant Inclusive Capital Partners Spring Master Fund, L.P. was the "holder" of the

AppHarvest shares ("Inclusive Capital").   Ubben is the controlling member of the management

committee of Defendant Inclusive Capital Partners, L.L.C., the general partner of Defendant

Inclusive Capital Partners, L.P., the investment manager to Defendant Inclusive Capital Partners

Spring Master Fund, L.P.

11.     Defendant Ubben was a controlling shareholder of the Company.

12.     The Company was founded on January 19, 2018. As opposed to traditional outdoor

agriculture, the Company grows all of its crops indoors using CEA technology.  CEA blends "a

combination of engineering, plant science, and computer managed greenhouse  control

technologies used to optimize plant growing systems, plant quality, and production

efficiency."[1]

13.     On September 28, 2020, the Company and Novus Capital Corp. ("Novus"), a

special purpose acquisition company ("SPAC"), entered into a business combination agreement.

As a "SPAC," Novus was a "blank check" company, meaning it had no commercial operations

and was formed strictly to raise capital through an initial public offering ("IPO"), for the purpose

of acquiring or merging with an existing private company—here AppHarvest.  The merger (often

called a "de-SPAC" transaction) created a single entity that traded publicly, giving the private

company a public listing and proceeds from the SPAC's IPO.

---

[1]     *See* https://www.nyserda.ny.gov/Business-and-Industry/Agriculture/Controlled- Environmental-Agriculture.

14.     On February 1, 2021, the Company announced it had completed the merger with

Novus, and that the resulting company would be renamed AppHarvest, Inc.

**B.      Defendants' Purchase Of AppHarvest Common Stock**

11.     On February 5, 2021, "reporting persons Jeffrey W. Ubben, Inclusive Capital

Partners L.L.C., Inclusive Capital Partners L.P., and Inclusive Capital Partners Spring Master

Fund, L.P." filed Schedule 13D as a "group" and reported purchases of AppHarvest on January

29, 2021 in the "open market" of 11,798,704 shares at $10.00 per share.

**C.      Defendants Sell Their AppHarvest
Stock Within Six Months Of Purchase**

12.     On June 14, 2021, "reporting persons Jeffrey W. Ubben, Inclusive Capital Partners

L.L.C., Inclusive Capital Partners L.P., and Inclusive Capital Partners Spring Master Fund, L.P."

filed a Form 4 as a "group" and reported the following sales: On June 10, 2021, the group sold

3,000,000 shares of AppHarvest at $16.50 per share.

13.     Those purchases and sales occurred within 6 months of each other.

**CAUSE OF ACTION**

**(Against All Defendants For Violations
Of Section 16(b) Of The Exchange Act)**

14.     Plaintiff repeats and realleges each and every allegation contained above as if fully

set forth herein.

15.     Section 16(b) of the Exchange Act provides in pertinent part:

> For the purpose of preventing the unfair use of information which
> may have been obtained by … [a] beneficial owner [of 10% or more
> of any class of equity security], director or officer by reason of his
> relationship to the issuer, any profit realized by him from any
> purchase and sale, or any sale and purchase, of any equity security
> of such issuer … within any period of less than six months … shall
> inure to and be recoverable by the issuer, irrespective of any intent
> on the part of such beneficial owner, director or officer in entering

into such transaction of holding the security purchased or of not repurchasing the security sold for a period not exceeding six months.

16.     SEC Rule 16a-1(a) deems a "beneficial owner" under Section 16 as any person who is deemed a beneficial owner under Section 13(d) and who has a "pecuniary interest" in the securities at issue.

17.     17 C.F.R. §240.16a-1(a)(2)(i) defines pecuniary interest as "the opportunity, directly or indirectly, to profit or share in any profit derived from a transaction in the subject securities."

18.     By virtue of Ubben's role as a director of AppHarvest and a greater 10% owner, and the relationship among all defendants, all defendants beneficial owners of AppHarvest stock with a pecuniary interest for Section 16(b) purposes both before their purchase of AppHarvest stock and at the time of sale.

19.     The entity defendants at all relevant times, deputized Ubben as their director of AppHarvest and/or the entity defendants were deputized as directors and were subject to Section 16(b) of the Exchange Act.

20.     All of the defendants as a "group" purchased and sold securities of the issuer within a six-month period ending on June 10, 2021.

21.     All of the defendants earned profits from the sale of the issuer securities which were purchased within the meaning of the statute within six months of their sale.

22.     The transactions described herein constitute short swing trading by the defendants and the retention of profits from such trades is in violation of Section 16(b) and rules of the Securities and Exchange Commission promulgated thereunder.

23.     Under Section 16(b), profits earned by defendants from these short swing trades must be disgorged to the Company. The profits to be disgorged are $19,500,000.

24.     Plaintiff has made due demand upon AppHarvest's Board of Directors to require the defendants herein to return such profits to the Company.

25.     Plaintiff's demand has been ignored with no response provided nor any denial of the facts in the letter and more than 60 days has passed since the demand has been made.

26.     There are no exemptions applicable to the short swing transactions which are the subject of this lawsuit.

27.     The Company has suffered loss and damage as a result of the transactions described herein and is owed disgorgement of $19,500,000 by the Defendants herein jointly and severally.

WHEREFORE, plaintiff prays for relief and judgment, as follows:

i.      For an order declaring that the transactions described herein constitute short swing trading under applicable laws and rules;

ii.     For judgment against the defendants in favor of the nominal defendant in the amount of any short swing profits;

iii.    Awarding plaintiff his reasonable costs and expenses incurred in this action, including counsel fees and expert fees; and

iv.     Such other and further relief as the Court may deem just and proper.

## <u>JURY TRIAL DEMANDED</u>

Plaintiff hereby demands a trial by jury.

Dated:  April 28, 2022

Respectfully submitted,

**MOORE KUEHN PLLC**
/s Marshall Wexler
Marshall Wexler, Of Counsel, SBN 331707

**MOORE KUEHN, LLP**
Fletcher Moore (pro hac forthcoming)
Justin Kuehn (pro hac forthcoming)
30 Wall Street, 8th Floor
New York, New York 10005
(212) 709-8245

**SQUITIERI & FEARON, LLP**
Lee Squitieri (pro hac forthcoming)
305 Broadway
7th Floor
New York, New York 10007
(212) 421-6492

*Counsel for Plaintiff*